**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3405
_____

UNITED STATES OF AMERICA

v.

SANTANA WYGANT,
Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-16-cr-00274-001)
District Judge: Honorable Nora B. Fischer
_____

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2018
_____

Before: McKEE, AMBRO, RESTREPO, Circuit Judges.

(Filed: March 9, 2018)
_____

OPINION[*]
_____

RESTREPO, Circuit Judge.

Appellant Santana Wygant appeals from an order of the District Court revoking a

term of supervised release. We will affirm.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

## I

We will recite only the factual and procedural history as is necessary for this opinion. Wygant was convicted in the United States District Court for the Northern District of West Virginia of aiding and abetting the distribution of cocaine base within one thousand feet of a protected location, 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860. Supervision was later transferred to the Western District of Pennsylvania.

Thereafter Wygant committed multiple Grade C violations, which he admitted. Wygant was also charged with multiple Grade A and B violations, which were the subject of an evidentiary hearing. The Government alleged, *inter alia*, that Wygant sexually assaulted L.D., the mother of one of Wygant's children.

At a hearing before the District Court, L.D. testified that on December 5, 2016, at around 5:00 p.m., Wygant came to her house to bring dinner to their child. While in her home, Wygant had sexual intercourse with L.D. against her will. Wygant also sent L.D. text messages of a crude and sexual nature in late November. She later applied for a protection from abuse order against Wygant.

Wygant disputed the allegations of sexual assault on an alibi theory. He testified and denied that he had sexually assaulted L.D. or that he was even at her home on December 5, 2016. Wygant testified that, at 8:00 p.m. on December 5, 2016, he was home with his fiancée watching the television show Love and Hip Hop—something that his fiancée corroborated. Wygant could not, however, "say how many minutes [he] arrived home before that." App. 253. Nor could he recall where he was between 5:00

2

and 8:00 p.m. that night. Still, Wygant introduced cell tower records that he contended established his cell phone was not in the vicinity of L.D.'s house between 5:00 and 8:00 p.m. on December 5, 2016.[1]

The cell tower records begged the question whether Wygant had his cell phone with him that evening. Although Wygant testified that "[y]ou never go anywhere without your phone," App. 253, on cross-examination he testified that he did not have his phone with him at the revocation hearing. Wygant also introduced call records, which showed that there were calls between his cell phone and his fiancée's cell phone on December 5, 2016. This tended to suggest that he was in possession of his phone on that date. However, Wygant conceded that the calls between the two phones ended at around 2:15 p.m. There was no evidence of any calls between Wygant's cell phone and his fiancée's cell phone during the relevant time period between 5:00 and 8:00 p.m.

As to the testimony presented, the District Court found that L.D. was a credible witness, but Wygant was not. As to the cell tower evidence, the District Court found that it was "thoroughly prepared," but "there was no evidence that [Wygant] had his phone with him on December 5, 2016." App. 394. The District Court went on to find that "[o]ther than making the cursory statement that '[y]ou never go anywhere without your phone,' Defendant presented *no* testimony regarding where his phone was located on December 5, 2016." App. 394 (emphasis and second alteration in original).

---

[1] The Government challenges the "conclusive[ness]" of the cell tower records, but we need not reach the issue. Br. for Appellee 26.

3

The District Court concluded that Wygant sexually assaulted L.D., and so had committed multiple Grade A, B and C violations of supervised release. It sentenced Wygant to thirty-six months' imprisonment and five years' supervised release. Wygant filed this timely appeal.

**II**[2]

We review the District Court's findings of fact for clear error. *United States v. Bagdy*, 764 F.3d 287, 290 (3d Cir. 2014). A factual finding is "'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citation omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 574.

The issue before us is a narrow one. Wygant emphasizes that the "sole issue on appeal . . . is whether[,] in reviewing his alibi defense, the District Court made a clearly erroneous finding of fact when it found that there was no evidence that he had his phone with him on December 5, 2016." Reply 2 (emphasis omitted). For the reasons below, there was no clear error.

As a preliminary matter, we disagree with Wygant's description of the relevant finding of fact. The District Court did not make an unadorned finding that there was "no

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

evidence" that Wygant had his phone on December 5, 2016. Although the Court began with such a statement, it went on to explain more fully that there was no such evidence "[o]ther than making the cursory statement that '[y]ou never go anywhere without your phone.'" App. 394 (second alteration in original).

Wygant's argument also fails under the clear error standard of review. Wygant challenges the District Court's finding that he did not have his cell phone in his possession during the relevant time period when the sexual assault of L.D. allegedly occurred. Towards this end, Wygant points to two portions of the record—his own testimony and the call records from earlier that day. The District Court, however, took both into account as follows.

First, Wygant points to his own testimony that "[y]ou never go anywhere without your phone." App. 253. The District Court, however, found that this statement was "cursory," App. 394, and "generic," App. 421, rather than aimed at the specific question whether Wygant had his phone with him on the evening of December 5, 2016. The District Court also found that Wygant's statement was undercut by his admission that he did not have his phone with him at the revocation hearing.

Second, Wygant points to the call records, which include calls between his cell phone and his fiancée's cell phone on December 5, 2016. Yet, as Wygant conceded below, these calls ended around 2:15 p.m. As such, they did not establish that Wygant had his phone with him between 5:00 and 8:00 p.m. Thus, under the clear error standard of review, the District Court's "account of the evidence is plausible in light of the record viewed in its entirety," and so we will affirm. *Anderson*, 470 U.S. at 574.

5

## III

The judgment of the District Court is affirmed.